**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
Email: *ConsumerRights@BarshaySanders.com*
*Attorneys for Plaintiff*
Our File No.: 115291

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Howard Dash, individually and on behalf of all those similarly situated,<br><br>　　　　　　　　Plaintiff,<br><br>　　　　vs.<br><br>Statewide Credit Services, Corp. d/b/a Schwartz, Schwartz & Associates,<br><br>　　　　　　　　Defendant. | Docket No:<br><br>**CLASS ACTION COMPLAINT**<br><br>JURY TRIAL DEMANDED |

Howard Dash, individually and on behalf of all those similarly situated (hereinafter referred to as "*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against Statewide Credit Services, Corp. d/b/a Schwartz, Schwartz & Associates (hereinafter referred to as "*Defendant*"), as follows:

## INTRODUCTION

1.　　This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").

## JURISDICTION AND VENUE

2.　　This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

3.　　Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

1

4. At all relevant times, Defendant conducted business within the State of New York.

## PARTIES

5. Plaintiff Howard Dash is an individual who is a citizen of the State of New York residing in Nassau County, New York.

6. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

7. On information and belief, Defendant Statewide Credit Services, Corp. d/b/a Schwartz, Schwartz & Associates, is a New York Corporation with a principal place of business in Nassau County, New York.

8. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

9. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS

10. Defendant alleges Plaintiff owes a debt ("the Debt").

11. The Debt was primarily for medical services and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

12. Sometime after the incurrence of the Debt, Plaintiff fell behind on payments owed.

13. Thereafter, at an exact time known only to Defendant, the Debt was assigned or otherwise transferred to Defendant for collection.

14. In its efforts to collect the debt, Defendant contacted Plaintiff by letter ("the Letter") dated February 9, 2018. (**"Exhibit 1."**)

15. The Letter was the initial communication Plaintiff received from Defendant.

16. The Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

17. Interest was not accumulating on the Debt at the time the Letter was sent.

18. Interest was not accumulating on the Debt at the time the Debt was with Defendant.

19. The Letter states, "If this creditor's policy is to accrue interest, the balance owing the day you pay may be greater."

20. The above-referenced statement would lead the least sophisticated consumer to believe that the Debt was accruing interest.

21. The above-referenced statement would lead the least sophisticated consumer to be believe that the Debt could accrue interest.

22. The inclusion of the above-referenced statement, when the debt was not accruing interest at the time the letter was sent, is deceptive within the meaning of 15 U.S.C. § 1692e.

23. The inclusion of the above-referenced statement, when the debt was not accruing interest at the time it was with Defendant, is deceptive within the meaning of 15 U.S.C. § 1692e.

24. For these reasons, Defendant violated 15 U.S.C. § 1692e.

25. The Letter, for these reasons, did not convey "the amount of the debt" clearly from the perspective of the least sophisticated consumer.

26. The Letter, for these reasons, did not convey "the amount of the debt" accurately from the perspective of the least sophisticated consumer.

27. For these reasons, Defendant violated 15 U.S.C. § 1692g.

## CLASS ALLEGATIONS

28. Plaintiff brings this action individually and as a class action on behalf of all persons similarly situated in the State of New York from whom Defendant attempted to collect a consumer debt using a collection letter that includes the language "If this creditor's policy is to accrue interest, the balance owing the day you pay may be greater," where the creditor did not charge interest, from one year before the date of this Complaint to the present.

29. This action seeks a finding that Defendant's conduct violates the FDCPA, and asks that the Court award damages as authorized by 15 U.S.C. § 1692k.

30. Defendant regularly engages in debt collection.

31. The Class consists of more than 35 persons from whom Defendant attempted to collect delinquent consumer debts using a collection letter that includes the language "If this creditor's policy is to accrue interest, the balance owing the day you pay may be greater," where the creditor did not charge interest.

32. Plaintiff's claims are typical of the claims of the Class. Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

33. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendant has acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

34. Plaintiff will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendant's conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff has retained counsel experienced in actions brought under consumer protection laws.

## JURY DEMAND

35. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment as follows:

    a. Certify this action as a class action; and

    b. Appoint Plaintiff as Class Representative of the Class, and Plaintiff's attorneys as Class Counsel; and

    c. Find that Defendant's actions violate the FDCPA; and

    d. Grant damages against Defendant pursuant to 15 U.S.C. § 1692k; and

    e. Grant Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k; and

    f. Grant Plaintiff's costs; together with

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

      g. Such other relief that the Court determines is just and proper.

DATED: May 15, 2018

**BARSHAY SANDERS, PLLC**

By: _/s/ *Craig B. Sanders* _____
Craig B. Sanders, Esq.
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
csanders@barshaysanders.com
*Attorneys for Plaintiff*
Our File No.: 115291